UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

NICOLAS RAMOS-BARRIENTOS, et al.,

    Plaintiffs,

v.              606CV089

DELBERT C. BLAND, et al.,

    Defendants.

## ORDER

In this farm labor case, five plaintiffs seek to bring a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and a class action under the common law of contracts. Doc.# 1; doc. # 49 (second amended complaint). Plaintiffs are all Mexican nationals recruited and employed by the ten named defendants to perform seasonal agricultural work in Toombs and Tattnall County, Georgia. Doc. # 49 ¶¶ 2, 9. Some of the defendants have moved to dismiss plaintiffs' Second Amended Complaint (the "Complaint") or, alternatively, for a more definite statement. Doc. # 50.

Defendants mainly contend that the length of the Complaint "plus excessive cross-referencing, plus incoherence, plus circular and convoluted sentence structure," fail to comply with F.R.Civ.P. 8(a)'s "short and plain statement" requirement. Doc. # 55 at 1. Rule 8(e)(1), they remind, requires that "[e]ach averment of a pleading shall be simple, concise, and direct" so as to reduce the burden on district courts and opposing parties. *See* 5C Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 1281 at 709 (2007) ("Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage").

The Court agrees with the defendants. The Complaint is 68 pages long with 132 paragraphs, not including the prayer for relief. More problematic than the overall length, though, is the writing style employed. Here is an example:

> For at least the first workweek, if any, of any work in Georgia alleged in ¶¶9(a)-(e) and 10(a) - (e) above, for at least the last workweek, if any, of any work in North Carolina alleged in ¶¶9(a)-(e) above, and for the time period immediately preceding or following any such periods of work during which one or more of the Hernandez plaintiffs were available for and expressed interest in immediate employment with one or more of the Bland defendants and/or some agricultural employer member(s) of the NCGA under the H2A program at any time in the time period on or after approximately 16 September 2004 to the present, together with the Bland defendants and defendant ILMC jointly and severally employed one or more of the Hernandez plaintiffs, the FLSA plaintiff collective defined in ¶¶52-55, the members of contract plaintiff class defined in ¶58 above, the "right to work" contract plaintiff class and subclass defined in ¶69 below, and the "right to work" plaintiff class and subclass defined in ¶81 below within the meaning of 20 C.F.R. §§655.101(a)(2)-(3), 29 U.S.C. §§203(d) and (g), and Ga.Gen.Stat. §§34-6-20(2), 34-6-21, and 34-6-27. For various times during this time period, one or more of the Bland defendants and defendant ILMC recruited, hired, referred, transferred, provided transportation to, directed, controlled, or supervised the work of, and/or determined the rate or method of payment of the Hernandez plaintiffs, the similarly situated FLSA

plaintiff collective, and the members of those same three (3) plaintiff classes and subclasses as part of their work in Georgia under the H2A program for one or more of the Bland defendants.

Doc. # 49 ¶ 27.

The "short and plain statement" command is not served by page-long sentences permeated with broken clauses and cross-references. Subjects, for that matter, should not have to forage for a verb. *See* doc. # 49, *inter alia*, ¶¶ 26, 27, 42, 43. Pretty much the entire Complaint is fashioned this way. Suffice it to say that "Rope-A-Dope" is for the boxing ring, not here.

District courts in this situation may dismiss a complaint without prejudice and order a do-over. *See Thomas v. American Tobacco Co.*, 173 F.R.D. 546, 547 (M.D.Ga. 1997) (dismissal without prejudice appropriate where complaint was "needlessly lengthy, verbose, and repetitious"); *Kleinschmidt v. Liberty Mut. Ins. Co.*, 142 F.R.D. 502, 504 (S.D.Fla. 1992) (dismissing complaint without prejudice due to "anfractuous prose" that made claims difficult to decipher); *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979) (urging district courts to dismiss complaints that are verbose, scandalous, or unintelligible).

Not all of the Second Amended Complaint is problematic; within its enigmatic maze of allegations the Court does decipher potentially meritorious claims. But enough paragraphs and sentences are needlessly verbose, tangled, fractured, and repetitive as to require corrective action. At the same time, there is no need to dismiss the Complaint. This is, at the end of the day, a complex matter with numerous defendants, both foreign and national.

Therefore, the Court **DENIES** the defendants' motion to dismiss or, alternatively, for a more definite statement. Doc. # 50. However, the Court directs the plaintiffs to file an amended Complaint that complies with Rule 8(a)(2)'s "short and plain statement" requirement, and do so within 20 days of the date this Order is served.

For plaintiffs' benefit the Court cites Amended Complaint ¶¶ 26, 27, 42, 43, 50, 51, 58, 61, 69, 72, 73, 81, 84 -- as examples, and not an exhaustive list -- in need of attention. Counsel should focus on breaking long sentences down into multiple sentences, and pruning excessive references in each paragraph. For example, once plaintiffs identify the basis of the contract and the Code of Federal Regulations (C.F.R.) sections included therein, they need not thereafter continually refer to those C.F.R. sections, or what constitutes the contract. Simply state what actions of the defendants breached the contract. Plaintiffs must fashion a well-marked path through the complexity jungle.[1]

This __19__ day of February, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Furthermore, when citing to documents in the record in briefs submitted to this Court, the parties are directed to simply reference the document numbers assigned by the Court's docket (rather than spell out the full title of the document). *See* this Order for an example.