IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| NICOLAS RAMOS-BARRIENTOS, ANSELMO HERNANDEZ-MARTINEZ, JORGE HERNANDEZ-ANTONIO, GREGORIO PONCE-HERNANDEZ, CATALINO HERNANDEZ-RUBIO, on behalf of themselves and all other similarly situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>DELBERT C. BLAND, BLAND FARMS, LLC, BLAND FARMS I, LLC, BLAND FARMS, INC., BLAND FARMS SALES, LTD., BLAND PACKING COMPANY, INTERNATIONAL LABOR MANAGEMENT CORPORATION, MICHAEL BRYAN BELL, MANPOWER OF THE AMERICAS, and CONSULAR SERVICES INTERNATIONAL,<br><br>        Defendants. | ))))))))))))))))))))) CIVIL ACTION NO.:<br>    CV606-89 |

RULE 26(f) REPORT

1. **Date of Rule 26(f) conference:** July 3, 8, and 18, 2008.

2. **Parties or counsel who participated in conference:** Robert J. Willis, Esq. of the Law Offices of Robert J. Willis, Joel T. Alexander of the Law Offices of Joel T. Alexander, and Brian S. Spears of the Law Offices of Brian S. Spears, counsel for plaintiff, and Wiley Wasden and William Dillard, Esq., of

Brennan and Wasden, LLP, counsel for the defendants Delbert C. Bland, Bland Farms, LLC, Bland Farms I, LLC, Bland Farms, Inc., Bland Farms Sales, Ltd., and Bland Packing Company (hereinafter referred to as the "Bland defendants").

3. **If any defendant has yet to be served, please identify the defendant and state when service is expected.** Defendants Manpower of the Americas ("MOA") and Consular Services International ("CSI"), two (2) Mexican corporations, have yet to be served. The necessary papers to serve those two corporate entities were delivered to the Mexican Secretary for Foreign Relations in December 2007 pursuant to the procedure referred to in Rule 4(c)(2)(ii), Fed.R.Civ.P., and service is expected in 2008. If timely service is not obtained on these two (2) defendants through the use of this procedure, the plaintiffs shall move the Court for permission to use another form of service pursuant to Rule 4(c), Fed.R.Civ.P.

4. **Date the Rule 26(a)(1) disclosures were made or will be made:** By July 30, 2008.

5. **If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,**

      **A.**    **Identify the party or parties making the objection or proposal: None.**

      **B.**    **Specify the objection or proposal:** N/A.

**6.**    **The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,**

      **A.**    **Identify the party or parties requesting additional time:** Nicolas Ramos-Barrientos, Anselmo Hernandez-Martinez, Jorge Hernandez-Antonio, Gregorio Ponce-Hernandez, Catalino Hernandez-Rubio, et al., Plaintiffs

      **B.**    **State the number of months the parties are requesting for discovery:** 11 months.

      **C.**    **Identify the reason(s) for requesting additional time for discovery:**

      XX Unusually large number of parties

      --- Unusually large number of claims or defenses

      XX Unusually large number of witnesses

      --- Exceptionally complex factual issues

      XX Need for discovery outside the United States

      XX Other:  Based upon the refusal to date of U.S. citizen and U.S. resident defendant Michael Bryan Bell, the owner or part owner of the two (2)

Mexican corporate defendants CSI and MOA, to voluntarily participate to date in this action in any way, the plaintiffs anticipate that the plaintiffs will have to obtain the judicially compelled attendance of several key witnesses, including but not limited to Mr. Bell, at several pretrial depositions after their failure to appear on due notice for their respective depositions pursuant to Rule 30, Fed.R.Civ.P.

**D.     Please provide a brief statement in support of each of the reasons identified above:**

1.     **Unusually large number of parties** – The 5 named plaintiffs seek to represent essentially one class of over 1,000 Mexican nationals who were and/or will be employed by Delbert C. Bland and/or Bland Farms, LLC with an H-2A temporary agricultural worker visa at any time in the time period from 1 October 2003 through the date final judgment is entered in this action.  This class is based upon both minimum wage and adverse effect wage rate ("AEWR") contract violations which occurred as a result of certain *de facto* wage deductions.

The five (5) named plaintiffs also seek to represent another separate class of Mexican nationals of unknown quantity but believed to be in excess of 100 persons who sought and were denied employment with Delbert C. Bland and/or Bland Farms, LLC on the basis of their membership in a labor union through the concerted actions of those two defendants, defendant Michael Bryan

Bell, and defendants CSI and MOA in 2005, 2006, 2007 and continuing through the date final judgment is entered in this action.

    **2.**    **Unusually large number of witnesses** – Because of the international nature of the claims, witnesses, and evidence involved in this case and the non-USA and/or Texas residency of those witnesses, the plaintiffs will need to depose a large number of witnesses on both sides of the border in order to preserve their testimony for trial.

    **3.**    **Need for discovery outside the United States** – The overwhelming majority of the witnesses, including the named plaintiffs, all are nationals of Mexico. The *de jure* wage deductions occurred in Mexico and, upon information and belief, some of the documents relating to those payments are located in Mexico within the possession, custody or control of defendants Bell, CSI, and/or MOA.

    **4.**    **Other** – The Court has entered default against defendant Michael Bryan Bell pursuant to Rule 55(a), Fed.R.Civ.P. However, the plaintiffs still need to obtain the deposition testimony of Mr. Bell and his associates for use as evidence in their claims against defendants Delbert C. Bland and Bland Farms, LLC.

5. Defendants' Statement – Defendants do not oppose Plaintiffs' request for discovery extension, but reserve the right to contest any facts set forth by Plaintiffs in this Paragraph Six in support of their request for extension.

**7.     If any party is requesting that discovery be limited to particular issues or conducted in phases, please**

**A.     Identify the party or parties requesting such limits:** None.

**B.     State the nature of any proposed limits:** N//A.

**8.     The Local Rules provide, and the Court generally imposes, the following deadlines:**

| | |
|---|---|
| **Last day for filing motions to add or join parties or amend pleadings** | 60 days after issue is joined |
| **Last day to furnish expert witness report by plaintiff** | 60 days after Rule 26(f) conference |
| **Last day to furnish expert witness report by a defendant** | 90 days after Rule 26(f) conference (or 60 days after answer, whichever is later) |
| **Last day to file motions** | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

    **A.**    **Identify the party or parties requesting the modification:**

Nicolas Ramos-Barrientos, Anselmo Hernandez-Martinez, Jorge Hernandez-Antonio, Gregorio Ponce-Hernandez, Catalino Hernandez-Rubio, et al., Plaintiffs

    **B.**    **State which deadline should be modified and the reason supporting the request:**

| | |
|---|---|
| Last day to furnish expert witness report by plaintiff | 150 days after Rule 26(f) conference |
| Last day to furnish expert witness report by a defendant | 210 days after Rule 26(f) conference (or 60 days after answer, whichever is later) |

See reasons stated with regard to discovery deadline in paragraphs 6(b)-(d) above.

    **9.**    **If the case involves electronic discovery,**

    **A.**    **State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the discovery order, briefly describe the terms of the agreement:**

To the extent that such electronically stored information is reasonably accessible, the Bland defendants shall preserve in a form or forms in which that electronically stored information is ordinarily maintained the following: (i) any payroll records required by 29 C.F.R. §§ 516.2(a), 516.3, and 516.6(a)(1), and, for the time period from 1 January 2003 to the present, and (ii) all electronic communications between and/or among one or more of the following person(s) and/or entities in any possible combination:

    1.    Delbert C. Bland d/b/a Bland Farms,

    2.    Bland Farms, LLC,

    3.    the International Labor Management Corporation,

    4.    Craig Stan Eury, Jr.,

    5.    Michael Bryan Bell,

    6.    Consular Services International (CSI),

    7.    Manpower of the Americas (MOA), and/or

    8.    Any agent(s) or representative(s) of any of the person(s) or entities named in paragraphs 9.A.1.-7. above.

    **B.**    **Describe any issues regarding electronically stored information as to which the parties have been unable to reach agreement:** The parties have reached no agreement concerning the

discovery or disclosure of such information, agreeing instead to reserve such issues, if any arise, for determination upon the submission of a discovery request relating to the same.

**10.    At the present time, the case is not known to involve claims of privilege or protection of trial preparation material.**  In the event that such claims arise in the future, the parties have reserved all rights with respect to the same.

11. **State any other matters the Court should include in its scheduling order:**

A.    Because of the number of classes, subclasses, and FLSA collective action alleged by the plaintiffs, the need for testimony from international witnesses who are present in one or more of the counties that are within those listed in 28 U.S.C. § 90(c) for only a few months during the year on limited visas, and the need to collect testimony from parties who are not residents of any of the state of Georgia, plaintiffs shall be allowed until 31 December 2008 to submit a motion for conditional certification of this action as a collective action under 29 U.S.C. §216(b) and/or a class action under Rule 23, Fed.R.Civ.P.  In the event that the Court conditionally certifies this action as a collective action under 29 U.S.C. §216(b) and/or certifies this action as a class action under Rule 23, Fed.R.Civ.P., with respect

to one or more of the four (4) causes of action alleged by the named plaintiffs in the Third Amended Complaint, the named plaintiffs shall designate one or more person(s) as representative witnesses for the plaintiffs' collective action under 29 U.S.C. §216(b), Georgia's "right to work" law, and/or for each contract claim(s) which the Court may certify as a class action under Rule 23, Fed.R.Civ.P., on or before the date falling 60 days after the date that the Court makes any such conditional certification.

   B. Discovery of the type and manner set forth below shall be had:

    1. The plaintiffs shall be allowed to depose each of the named defendants, and an additional 10 depositions, with any deposition of the one or more person(s) designated by any corporate deponent under Rule 30(b)(6), Fed.R.Civ.P., to count as one deposition;

    2. In the event that the Court conditionally certifies this action as a collective action under 29 U.S.C. §216(b) and/or certifies this action as a class action under Rule 23, Fed.R.Civ.P., the defendants, collectively, shall be allowed to depose each person(s) that the named plaintiffs designate as a representative witness pursuant to ¶11.A.above, the five (5) named plaintiffs, and an additional fifteen (15) depositions of which no more than five (5) may be of a person(s) who has filed a written Consent to Sue with the Court pursuant to 29

U.S.C. § 216(b). In the event that the Court does not conditionally certify this action as a collective action under 29 U.S.C. §216(b) and/or certify this action as a class action under Rule 23, Fed.R.Civ.P., the defendants, collectively, shall be allowed to depose each person(s) seeking recovery from the defendants in the case, and an additional ten (10) depositions

Pending any decision by the Court on conditional certification, Defendants may proceed with discovery within the scope allowed herein in the event of conditional certification.;

3. The defendants, collectively, shall be allowed to serve a total of 25 interrogatories, including subparts, on the named plaintiff(s) and each person that the named plaintiff(s) designates as a representative witness pursuant to ¶11.A.above. The defendants may serve such other interrogatories upon any person(s) who files a written Consent to Sue with the Court pursuant to 29 U.S.C. § 216(b) or any absent class member(s) or putative member(s) of the classes that the plaintiffs have alleged under Rule 23(b)(3), Fed.R.Civ.P., upon the defendants' demonstration that the defendants are entitled to that form of discovery from any such person(s) or member(s) pursuant to the standards set forth and applied in <u>Collins v. International Dairy Queen</u>, 190 F.R.D. 629 (M.D.Ga. 1999) or as otherwise required by applicable law.

    4. Pursuant to Rule 36, Fed.R.Civ.P., the named plaintiffs may serve a total of 25 requests for admission on the Bland defendants, collectively, and the Bland defendants, collectively, may serve a total of 25 requests for admission on the named plaintiffs, collectively, and on each person(s) designated by the named plaintiffs as a representative witness pursuant to ¶11.A. above.

    5. Absent good cause shown to the Court, there shall be no specific limitation on the number of discovery requests under Rule 34, Fed.R.Civ.P. Furthermore, the Bland defendants may serve discovery requests under Rule 34 to the named plaintiffs and person(s) designated by the named plaintiffs as a representative witness pursuant to ¶11.A. above.  The defendants may serve such other document request(s) upon any person(s) who files a written Consent to Sue with the Court pursuant to 29 U.S.C. § 216(b) or any absent class member(s) or putative member(s) of the classes that the plaintiffs have alleged under Rule 23(b)(3), Fed.R.Civ.P., upon the defendants' demonstration that the defendants are entitled to that form of discovery from any such person(s) or member(s) pursuant to the standards set forth and applied in <u>Collins v. International Dairy Queen</u>, 190 F.R.D. 629 (M.D.Ga. 1999), or as otherwise required by applicable law.  There shall be no limitation upon the number of discovery requests tendered to non-parties in accordance with Rule 34 (c), Fed.R.Civ.P.

6.	Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties. This time limitation shall apply separately with respect to each separate person(s) designated to testify by any corporate defendant or deponent pursuant to Rule 30(b)(6), Fed.R.Civ.P.

7.	The defendants shall maintain all of the information contained in payroll records that the Bland defendants are required to keep pursuant to 29 U.S.C. §211(c), and 29 C.F.R. §§ 516.2(a), 516.3, and 516.6(a)(1) for similarly situated employees employed by Delbert C. Bland d/b/a Bland Farms and/or Bland Farms, LLC *other than the five (5) named plaintiffs*.

8.	In the event that counsel for the plaintiff or counsel for the Bland defendants receives information that one or more of the named plaintiffs, one or more of the persons designated pursuant to ¶11.A. above, or one of more of the persons listed in the payroll records described in ¶11.B.7. above obtains a visa under the Immigration and Naturalization Act, 8 U.S.C. §§ 1101 et seq., to work in the United States of America at any time within the time period permitted for discovery in this action, plaintiffs' counsel shall notify counsel for the defendants of the terms of that visa and its duration within thirty (30) days of the date that the plaintiff or designated person enters the United States of America pursuant to such a visa. Upon receipt of such notification, and to the extent practicable and permitted by the other

time and numerical limitations specified by the Court based upon this Rule 26(f) Report, any party who desires to take the deposition of such a person(s) shall endeavor in good faith to take that deposition while that person(s) is still lawfully located in the United States of America pursuant to the terms of such visa.

      9.      Supplementations under Rule 26(e) are due within 30 days of the knowledge of the need, and at least 30 days before trial.

      10.      The case should be ready for trial by jury by January 1, 2010, and should take approximately 1-2 weeks.

      11.      **The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:** None.

This 21st day of July, 2008.

Signed:

| BRENNAN AND WASDEN, LLP | LAW OFFICES OF ROBERT J. WILLIS |
|---|---|
| /s/William E. Dillard, Esq.<br>WILEY A. WASDEN III<br>Georgia Bar No. 738750<br>WILLIAM E. DILLARD<br>Georgia Bar No. 222030<br>P.O. Box 8047<br>Savannah, Georgia 31412<br>(912)232-6700<br>bdillard@brennanandwasden.com<br>Counsel for Bland defendants | /s/Robert J. Willis, Esq.<br>Attorney at Law<br>P.O. Box 1269<br>Raleigh, NC 27602<br>(919)821-9031<br>Fax: (919)821-1763<br>E-mail: rwillis@rjwillis-law.com<br>NC State Bar No. 10730<br>Appearing *Pro Hac Vice* As Co Counsel for Plaintiffs and Appearing *Pro Hac Vice* pursuant To LR 83.4(b), SDGa |

/s/Brian Spears, Esq.
Co-Counsel for Plaintiff
1126 Ponce De Leon Avenue, NE
Atlanta, GA 30309
Telephone: (919)821-9031
Fax: (919)821-1763
E-mail: bspears@mindspring.com
GA Bar No: 670112