IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| NICOLAS RAMOS-BARRIENTOS, ANSELMO HERNANDEZ-MARTINEZ, JORGE HERNANDEZ-ANTONIO, GREGORIO PONCE-HERNANDEZ and CATALINO HERNANDEZ-RUBIO, on behalf of themselves and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> DELBERT C. BLAND, BLAND FARMS, LLC, BLAND FARMS I, LLC, BLAND FARMS, INC., BLAND FARMS SALES, LTD., BLAND PACKING COMPANY, INTERNATIONAL LABOR MANAGEMENT CORPORATION, MANPOWER OF THE AMERICAS and CONSULAR SERVICES INTERNATIONAL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Civil Action 6:2006cv00089 ) ) ) ) ) ) ) ) ) ) ) |

### BLAND DEFENDANTS' REPLY TO PLAINTIFFS' REPLY MEMORANDUM IN OPPOSITION TO SUR-REPLY BY BLAND DEFENDANTS OPPOSING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND CERTIFICATION OF COLLECTIVE ACTION

### I. Plaintiffs Cannot Blame Bland Defendants for Plaintiffs' Failure to Comply with Local Rule 23.2

The Plaintiffs have devoted much of their two most recent briefs to blaming their failure to comply with Local Rule 23.2 upon a number of actions by Bland Defendants which, Plaintiffs' contend, delayed their ability to file their certification motion. Plaintiffs' were nonetheless somehow able to file their motion for class certification simultaneously with their Complaint in the second suit the same lawyers have filed alleging the same claims against the same Bland Defendants for the acknowledged

purpose of circumventing their failure to comply with Local Rule 23.2 in the present suit(Civil Action No. 6:09-cv-05).

The parties' could entertain the Court at great length about things real or imagined the other did to delay the progress of the case, and thereby, according to Plaintiffs', delay the Plaintiffs' ability to file their Motion for Certification.

As but one illustration, as this Court well knows, after first filing their Complaint on September 25, 2006, the greatest delay in the forward progress of this case resulted from the Plaintiffs' failure to file a complaint in compliance with the Federal Rules of Civil Procedure until March 3, 2008 (DOC # 73; see also DOC #70, granting Defendants' Motion for More Definite Statement, and DOC # 48, granting Plaintiffs' Motion to Amend Second Amended Complaint to cure factual errors and potential violations of the 11th Circuit's prohibition against "shotgun pleading")[1].

The irrelevance of this back and forth, however, is incontrovertibly established by the fact that, pretermitting a determination of whether or when Plaintiffs' could have filed their certification motion, Plaintiffs' had an absolute duty under LR 23.2 and FRCP 6(b) to do one of two things – either file the certification motion within the time prescribed by Local Rule 23.2, or move for an enlargement of time under Rule 6(b) prior to the expiration of time afforded by Local Rule 23.2. Failing either of these steps, the

---

[1] In Jones v. Hartford Ins. Co. 243 F.R.D. 694 (N.D. Fla. 2006), the Court found that the filing of an amended complaint would not reset the 90 day deadline for moving for class certification under that Court's local rule. "The rule commands that the motion for class determination must be filed within ninety days after filing a complaint, not after filing a subsequent amended complaint. To permit an amended complaint to reset the ninety day deadline would frustrate the purpose of Fed.R.Civ.P. 23(c)(1)(A) which requires the court to determine at "an early practicable time ... whether to certify the action as a class action" ... .

Plaintiffs were required by Rule 6(b) to file their out-of-time motion for enlargement *prior* to filing their motion for certification[2]. The Plaintiffs did none of the above.[3]

None of the Plaintiffs' arguments deal with their failure to take these steps. Rather, Plaintiffs go to great lengths to show that it would have been inopportune, or less than optimal, to file the Motion for Certification on time. Thus the Plaintiffs' arguments deal with convenience and trial strategy, not excusable neglect for failure to comply with the Court's rules.

The Plaintiffs' attempt to blame the Bland Defendants for all of the foregoing, as if Bland Defendants had some obligation to remind Plaintiffs' of their responsibilities under the rules of the court, is unavailing.

## II. FRCP 60(b)(1) Actually Sets a Lower Standard for Relief than FRCP 6(b), and therefore the Rule 60 Cases cited by Bland Defendants are Relevant

Plaintiffs have contended that the Rule 60(b)(1) cases cited by Bland Defendants are not relevant to the Court's consideration because "excusable neglect is defined in a "materially different manner" for purposes of Rule 6(b).

Bland Defendants respectfully submit that there is no material difference in the way the term "excusable neglect" is defined for the two rules[4], and in any event, that is the

---

[2] As it is well established that ignorance of the law cannot constitute excusable neglect, Plaintiffs have filed the affidavit of Freddie Abdon, which purports to show that the failure to timely file was due not to attorney ignorance of the law, but a calendaring mistake of a former employee of Plaintiffs' counsel's law firm. A separate and distinct act of non-compliance with the Federal Rules of Civil Procedure nonetheless occurred when Plaintiffs filed the certification motion without having first moved for permission to do so, when leave of court was clearly required. This is itself an act of ignorance of the law and raises the inference that ignorance of the law was responsible for the original failure to timely file or move for an enlargement.

[3] Plaintiffs' have, at long last, filed a motion to extend the time to file their motion for certification until December 1, 2008 on February 3, 2009. As we note above, the motion for enlargement was filed after, and not before, the motion for certification.

wrong comparison to make. Rule 60(b) is considerably broader and more forgiving than Rule 6(b). Therefore the Rule 60 cases are not only relevant authority, they are more compelling than Rule 6(b) cases because of the broader grounds of relief available under Rule 60(b). "It is instructive to note that Rule 60(b) of the Federal Rules of Civil Procedure, which applies to such motions, is explicitly broader than Rule 6(b). See Fed.R.Civ.P. 60(b)(1) (permitting relief from a default judgment for, in addition to excusable neglect, "mistake, inadvertence, [or] surprise"). That Rule 60(b)(1) allows relief for both excusable neglect and mistake supports the notion that the reference to excusable neglect in Rule 6(b)(1)(B) does not encompass mistake". Institute For Policy Studies v. U.S.C.I.A. 246 F.R.D. 380 (D.D.C. 2007). In accord D.A. v. District of Columbia 2007 WL 4365452, (D.D.C., December 06, 2007) (NO. CIVA 07-1084 PLFJMF).

### III. Defendant's Vigorously Oppose any Suggestion that They have Retaliated against any Parties seeking to Participate in either this Lawsuit, the new Lawsuit Plaintiffs' Attorneys have Filed, or the Ojeda-Sanchez et al v. Bland Farms, LLC et al Case

Bland Defendants will not let stand unanswered the continual reference in this and other briefs that Bland Defendants have attempted to intimidate and retaliate against workers seeking to participate in the above referenced lawsuits. Bland Defendants strenuously deny these allegations. Bland Defendants respectfully direct the Court to the Affidavits filed by Bland Defendants' personnel in the Ojeda-Sanchez litigation pending against Bland Defendants in the Southern District, Case 6:08-cv-00096, where this claim has been alleged, and where it is being vigorously defended. (See Affidavits filed with

---

[4] Midwest Employers Cas. Co. v. Williams 161 F.3d 877, fn. 4 (5th Cir. 1998) (holding that "excusable neglect has the same meaning across procedural contexts" and therefore considering cases involving federal rules other than the one at issue where excusable neglect is a ground for relief).

DOC # 28 in the above referenced matter, and copies also filed herewith for the Courts' own ease of reference.) It should also be noted that no claim of retaliation has been asserted by any Plaintiff in the case at bar.

## IV. The Judicial Estoppel Cases Cited by Plaintiffs Only Reinforce Its Inapplicability to the Case at Bar

Plaintiffs have argued that the two-prong test articulated in Burnes v. Pemco Aeroplex 291 F.3d. 1282 (11th Circuit 2002) ("First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.") has evolved into a more expansive test which subsumes the Burnes criteria in favor of a much broader inquiry. Burnes, it is implicitly argued, is inconsistent with New Hampshire v. Maine 532 U.S. 742 (2001). Yet as the 11th Circuit itself in Burnes, while recognizing that the 11th Circuit's "two enumerated factors" were not inflexible or exhaustive, said that the factors are "consistent with the Supreme Court's instructions" in New Hampshire v. Maine. Burnes 291 F3d. at 1285-86.

The predominant role of the "two factors" in the 11th Circuit analysis is again illustrated by the later cases cited by Plaintiffs. In Ajaka v. Brooksamerica Mortg. Corp 453 F.3d 1339 (11th Cir. 2006), the "primary factors" are acknowledged as the first consideration in deciding whether to apply the doctrine of judicial estoppel.

> Although not inflexible or exhaustive, we begin with a consideration of two primary factors in determining whether to apply judicial estoppel. "First, the allegedly inconsistent positions must have been taken under oath in a prior proceeding, and second, they must have been calculated to make a mockery of the judicial system."

Ajaka at 1344.

Later, the Ajaka Court elaborated on what it was looking for to find an effort to "make a mockery of the judicial system."

> When considering a party's motive and intent and whether it justifies applying judicial estoppel, we require that the intent be "cold manipulation and not an unthinking or confused blunder ...." *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 175 (5th Cir.1973). "The doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes*, 291 F.3d at 1286 (citing *Am. Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1536 (11th Cir.1983) (explaining that judicial estoppel applies to the "calculated assertion" of divergent positions)).

Ajaka at fn.7.

More recently, Judge Lawson in the Middle District cited Ajaka to apply the two prong test, again reciting the requirement that the person against whom judicial estoppel is to be applied is one who took a position "calculated to make a mockery of the justice system", and that the intent to do so must be a "cold manipulation and not an unthinking or confused blunder." Bishop's Property & Investments, LLC v. Protective Life Ins. Co. --- F.Supp.2d ----, 2009 WL 367508 M.D.Ga., Feb. 6 2009.

Put simply, no action taken by Bland Defendants has made a mockery of the justice system in this case, and there is certainly no evidence of "calculation" or "cold manipulation" by either Bland Defendant or their counsel to do so. Rather, Plaintiffs missed a mandatory court deadline...badly. Plaintiffs then filed their out-of-time motion without seeking leave of Court. Whether the Plaintiffs are to be forgiven their transgressions shall be determined by separate criteria which has been extensively briefed, but to accuse Bland Defendants and its attorneys of attempting to make a mockery of the justice system is unwarranted by any rational interpretation of the facts before the Court.

For the foregoing reasons, Bland Defendants respectfully request that Plaintiffs' Motions for Collective Class Certification and Rule 23 Class Certification be denied.

Respectfully submitted, this 27th day of February, 2009.

                          BRENNAN AND WASDEN, LLP

                          /s/ William E. Dillard
                          WILEY A. WASDEN, III
                          Georgia Bar No. 738750
                          WILLIAM E. DILLARD
                          Georgia Bar No. 222030

                          Attorneys for Bland Defendants

P.O. Box 8047
Savannah, Georgia 31412
(912) 232-6700

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day filed a copy of the foregoing BLAND DEFENDANTS' REPLY TO PLAINTIFFS' REPLY MEMORANDUM IN OPPOSITION TO SUR-REPLY BY BLAND DEFENDANTS OPPOSING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND CERTIFICATION OF COLLECTIVE ACTION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: rwillis@rjwillis-law.com; bspears@mindspring.com; and rloftis@constangy.com.

This 27th day of February, 2009.

BRENNAN AND WASDEN, LLP

/s/ William E. Dillard
WILEY A. WASDEN, III
Georgia Bar No. 738750
WILLIAM E. DILLARD
Georgia Bar No. 222030

Attorneys for Bland Defendants

P.O. Box 8047
Savannah, Georgia  31412
(912) 232-6700