UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

NICOLAS RAMOS-BARRIENTOS, )
*et al.*, )
)
 Plaintiffs, )
)
v. ) Case No. CV606-089
)
DELBERT C. BLAND, *et al.*, )
)
 Defendants. )

## ORDER

In this farmworker-compensation case[1] various motions are pending before the Court, including the farmer-defendants' motion for

---

[1] The "case arises from the employment of H-2A workers by Delbert C. Bland and Bland Farms, LLC in their onion planting and harvesting operations in and around Glennville, Georgia." Doc. 170 at 1. "H-2A" refers to the U.S. Department of Labor regulatory classification for the "Temporary Agricultural Employment in the United States." 20 CFR § 655.90 (2009). Much of the related case law covers what fees and expenses that employers must pay to those temporary workers. *See Cohee v. Global Horizons Inc.*, 2009 WL 282068 at *1 (4th Cir. Feb. 6, 2009) (unpublished) ("By regulation, housing must be provided to H-2A workers at no cost to the workers. *See* 20 C.F.R. § 655.102(b)"); *Castellanos-Contreras v. Decatur Hotels, LLC*, 559 F.3d 332, 339 n. 3 (5th Cir. 2009) (rejecting, for "H-2B" workers, Eleventh Circuit precedent "that an H-2A employer must reimburse H-2A workers for their transportation expenses"); *see also Rivera v. Brickman Group, Ltd.*, 2008 WL 81570 at * 1 n. 1 (E.D.Pa. Jan. 7, 2008) (unpublished) (describing various "H" worker classes).

summary judgment. Doc. 169. The farmworker-plaintiffs contend, inter alia, that the Bland defendants failed to pay them all that they were due, and that Bland discriminated against some of them based upon their union membership. Doc. 55; *see also* doc. 170 at 3-4. The defendants (hereinafter "Bland") contend that they are entitled to partial and full summary judgment against the plaintiffs on their Fair Labor Standards Act ("FLSA"),[2] Georgia's Right to Work Act (O.C.G.A. § 34-6-21, *et. seq.*), and state law breach of contract claims. Doc. 170 at 2.

Bland's summary judgment motion asserts that

(a) plaintiffs' FLSA claim for "recruiting fees"[3] should be denied as a matter of law because Bland never contractually agreed to pay them;

(b) plaintiffs' FLSA claim for other fees is offset by the $50 credit that Bland is due for housing provided to the plaintiffs;

---

[2] Enacted to protect workers who lack sufficient bargaining power to secure a subsistence wage, the FLSA is a remedial statute designed to eliminate substandard labor conditions. *De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1308 (N.D.Ga. 2008). Under the FLSA, workers must be paid a minimum wage free of "improper deductions." *Id.*

[3] Farmers sometimes deduct "preemployment expenses" from the wages that they pay to farmworkers, including fees the farmer paid to professional recruiters to recruit the farmworkers. Federal regulations govern whether such constitutes an improper deduction. *See Morales-Arcadio v. Shannon Produce Farms, Inc.* 2007 WL 2106188, *14 (S.D.Ga Jul. 18, 2007) (unpublished); *see also Yapuna v. Global Horizons Manpower Inc.*, 254 F.R.D. 407, 414 (E.D. Wash. 2008) (considering, as a class action "common question," "Did Plaintiffs and each class member pay a recruiting fee as a condition of employment with [the defendant farmer]?").

(c) the FLSA claim for passport fees, border crossing fees, and a portion of Mexican inbound travel expense must be denied because of the wage credit to which Bland is entitled for providing housing to its workers;

(d) any violation of plaintiffs' O.C.G.A. § 34-6-21 (right to work) rights was committed by a third party without Bland's knowledge, consent, or intent;

(e) plaintiffs hold no private remedy under O.C.G.A. § 34-6-21;

(f) plaintiffs' H2-A Clearance Order based "adverse effect wage rate" claim fails as a matter of law because it is time-barred; and

(g) Bland was not a joint employer with other named individuals/entities on which plaintiff's contract-breach claims are based.

Docs. 169 & 170 (paraphrased).

Although the summary judgment motion is presently pending before the district judge, several earlier-filed motions remain pending before the undersigned. First plaintiffs move the Court to take judicial notice of facts from another farmworker case "in connection with the Court's disposition of the presently pending Motion for Protective Order." Doc. 102 at 1. The motion (doc. 102) is **DENIED** as moot because the motion for protective order has already been reached. Doc. 123.

Bland also moves for a protective order to restrict the scope of plaintiffs' Fed. R. Civ. P. 30(b)(6) re-deposition of Bland Farms, LLC because it covers matters that go back to an earlier litigation period, specifically "the amount of wages and reimbursements the Bland defendants made to their H-2A employees in the years from 1 January 1999 to 1 September 2003 . . . ." Doc. 107 at 11. Because this motion may be mooted by the district judge's disposition of the statute of limitations issue raised in Bland's summary judgment motion, the Court **DENIES** it (doc. 106) without prejudice to renewal after the summary judgment motion has been resolved.

Bland's second Motion to Modify Scheduling Order, doc. 141, requests additional time within which to file its expert witness report, citing to a recent change in the law, namely the Department of Labor's rejection of the "economic benefits" reasoning set forth in *Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002) -- a case on which this Court relied in *Morales-Arcadio v. Shannon Produce Farms, Inc.*, 2007 WL 2106188 at * 2 (S.D.Ga. Jul 18, 2007) (unpublished); *see also Castellanos-Contreras*, 559 F.3d at 339 n. 2. Plaintiffs' opposition to the motion is two-fold: (a) no excusable neglect; and (b) "there is no need for

4

any economic expert of [that] type . . . because the respective economic benefits of H-2A employment for H-2A employers and H-2A employees has already been decided by the U.S. Department of Labor in the preamble to the H-2A regulations that it published on 18 December 2008." Doc. 152 at 2. Because the issue (whether *Arriaga*, as affected by changing DOL regulations, is still good law) is bound up in the summary judgment motion, this motion should be shelved (i.e., denied without prejudice to renew it) for now.[4] Consequently, it is **DENIED** without prejudice to renewal following resolution of the pending summary judgment motion.

Plaintiffs also move for additional time within which to file their motion for class certification. Doc. 146. They concede that they waited far beyond Local Rule 23.2's time limit for filing such a motion,[5] but they

---

[4] The district judge might find it more efficient to pass on the issue while reaching the summary judgment motion.

[5] The motion was due on December 24, 2006. *See* doc. 1 (complaint filed on September 25, 2006). Local Rule 23.2 provides:

> Within ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion and for good cause shown, the plaintiff shall move for certification of the class action under subdivision (c)(1) of Rule 23 of the Federal Rules of Civil Procedure. The Court may allow the case to be maintained tentatively as a class action, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or other preliminary procedures as appear to be appropriate and

cite various reasons for extending that deadline to December 1, 2008, the date on which they actually did file their Motion for Class Certification. *Id.* at 2-4; *see* doc. 103. Bland opposes, insisting that the local rule was clear and that plaintiffs fail to show excusable neglect. Doc. 157 at 3-4.

At the class action certification stage, the district court does not resolve whether plaintiffs can establish that they can prove their case, only the narrow question whether a class action is the proper vehicle for litigating claims brought by plaintiffs on behalf of absent class members. *Yapuna*, 254 F.R.D. at 414. Courts thus consider numerosity factors, whether the class action will resolve questions of fact and law common to the class, etc. *Id.* at 414-16 (farmworker-compensation case factors).

Another factor is the adequacy of counsel. *See id.* at 412. And being "late" in filing a class-action certification motion apparently is so common that courts actually consider it in making such adequacy determinations. *Id.* (in ruling on a motion to certify a class action, lateness of filing of the motion is a factor in determining whether plaintiffs' counsel can adequately represent the interests of the class

---

necessary under the circumstances. Whenever possible, where it is held that the determination should be postponed, a date will be fixed by the Court for the renewal of the motion.

*Id.*

members). As the *Yapuna* court explained:

> Case law in the Fifth, Tenth, and Eleventh Circuit suggest that an untimely request for class certification is not a bar to the maintenance of a class action because under Fed.R.Civ.P.23(c)(1), the district court is "independently obligated" to decide whether an action should be brought on a class-wide basis. *See Trevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir.2006) (interpreting Rule 23(c)(1) to require the trial court to "take up class actions status" in a timely manner "whether requested to do so or not by a party or parties, where it is an element of the case," and therefore does not create an independent basis for denying a party's motion); *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n. 37 (11th Cir.2003) ("Under Rule 23(c)(2), the trial court has an independent obligation to decide whether an action was properly brought as a class action, even where ... neither party moves for a ruling on class certification."); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir.1981) (same). On the other hand, the Second Circuit has affirmed the denial of motions for class certification based on untimeliness. *See Sterling v. Environ. Control Bd. of City of New York*, 793 F.2d 52, 58 (2nd Cir.1986) (holding that a party's failure to move for class certification until a late date is a valid reason for denial of the motion).

*Id.* at 412. Given these considerations and the fact that the class-action certification motion (doc. 103) here is before the district judge, it makes sense to **RESERVE** this "timeliness" motion (doc. 146) to him.

Finally, Bland's ministerial motion (doc. 119) to amend a response brief is unopposed pursuant to Local Rule 7.5 and thus **GRANTED**. And Bland's motion to amend the scheduling order to file an out-of-time

7

expert witness report, doc. 108, was already granted (doc. 111) but not terminated on the docket. For docket-clearing purposes, it is **GRANTED** nunc pro tunc to doc. 111's filing date.

To summarize, the Court: **DENIES** motions 94, 106, and 141; **GRANTS** motion 108 (nunc pro tunc to doc. 111's filing date); **GRANTS** motion 119; and **RESERVES** motion 146 to the district judge.

**SO ORDERED** this  21st   day of April, 2009.

/S/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**