UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

NICOLAS RAMOS-BARRIENTOS, et al.,

Plaintiffs,

v.                          606CV089

DELBERT C. BLAND, et al.,

Defendants.

## ORDER

### I. INTRODUCTION

This case arises from the temporary employment of Mexican farm workers through the Department of Labor's H-2A program. The Defendants, Delbert C. Bland and Bland Farms, LLC (collectively "Bland Farms") hired the Plaintiffs and other H-2A guest workers in their onion planting and harvesting operations in and around Glennville, Georgia during the 2001 to 2006 seasons. Doc. # 118 at 1-2. Plaintiffs have brought Fair Labor Standards Act ("FLSA") claims for unpaid wages and state law claims for breach of contract. Doc. # 73 ¶ 3. Plaintiffs move the Court for conditional certification of a collective action under § 216(b) of the FLSA and for class certification of their breach of contract claims under F.R.Civ.P. 23. Doc. # 103.

### II. BACKGROUND

The Department of Labor's H-2A program provides for temporary employment of alien agricultural workers when (1) there are insufficient domestic workers, and (2) the employment of aliens will not adversely affect the wages and working conditions of domestic workers. See 8 U.S.C. §§ 1184(c)(1), 1188(a)(1). Employers apply for admission of H-2A workers by completing a "clearance order," where the employer certifies "the actual terms and conditions of the employment being offered." 20 C.F.R. § 653.501(d)(3). The clearance order then serves as the underlying contract between the employers and the H-2A guest workers. *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1233 n.5 (11th Cir. 2002).

Employers are required to compensate H-2A workers at a rate not less than the federal minimum wage, the prevailing wage rate in the area, or the "adverse effect wage rate" ("AEWR"),[1] whichever is higher. *See* 20 C.F.R. § 655.102(b)(9). Additionally, if an expense paid by the H-2A worker is deemed "primarily for the benefit of the employer," the employer must then reimburse the employee during the first workweek in which the expense arose up to the amount needed to comply with the applicable FLSA minimum rate. *Arriaga*, 305 F.3d at 1237.

In their FLSA claims, Plaintiffs, relying on *Arriaga*, argue that Defendants failed to reimburse them for expenses incurred "primarily for the benefit of the employer."[2] *Id.* at 1237; doc. # 104 at 14. This resulted in a *de facto* wage deduction that reduced their pay below the FLSA wage requirement. Doc. ## 73 ¶ 113, 104 at 4.

In their breach of contract claims, Plaintiffs claim that Defendants violated the terms of the clearance orders, which incorporated federal H-2A regulations. Doc. # 104 at 4. Plaintiffs argue that those regulations guarantee payment of wages on a weekly basis to all H-2A employees at the

---

[1] The AEWR is the minimum wage rate that the Department of Labor determines is necessary to ensure that wages of similarly situated domestic workers will not be adversely affected by the employment of H-2A workers. *See* 20 C.F.R. §§ 655.100(b), 655.107.

[2] These expenses included (1) visa processing fees, (2) immigration and inbound travel-related expenses, (3) passport-related expenses, (4) portion of travel, lodging, and subsistence expenses, and (4) border crossing fees. Doc. # 104 at 8.

AEWR, "free and clear" of any *de facto* wage deductions. Doc. ## 73 ¶ 113, 104 at 4 (citing 29 C.F.R. § 531.35). Again relying on *Arriaga*, Plaintiffs argue that they were never reimbursed for expenses incurred "primarily for the benefit of" Defendants, resulting in an impermissible wage deduction. 305 F.3d at 1237; doc. # 104 at 14.

### III. MOTION TO CERTIFY CLASS AND CERTIFICATION OF COLLECTIVE ACTION

Plaintiffs move the Court to certify both an FLSA collective action, 29 U.S.C. § 216(b), on their FLSA claims and an F.R.Civ.P. 23 class action on their breach of contract claims. Doc. # 103.

#### A. FLSA Conditional Certification of Collective Action

The FLSA authorizes a plaintiff seeking relief to bring a "collective action" on behalf of *similarly situated* employees. 29 U.S.C. § 216(b).[3] FLSA § 216(b) class certification, unlike Rule 23 certification, requires putative class members to affirmatively opt in to the § 216(b) action by providing the court with written consent, communicating an intent to be a class member who will be bound by the court's judgment. *Id.*; *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). To facilitate this process, courts have applied a two-tiered approach to FLSA certification. *Hipp*, 252 F.3d at 1218 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). The first tier of certification, known as the "notice stage," is when the Court determines whether notice of the pending action should be given to putative class members. *Id.* The Court applies a "fairly lenient standard" when making this determination, which generally results in "conditional certification" of a representative class. *Id.* (emphasis added). The second tier of FLSA certification is generally precipitated by a defendant's motion for "decertification," typically filed after discovery is largely complete. *Id.* At that time, the court makes a factual determination as to whether the class members are indeed "similarly situated." *Id.*

The case at bar is in the earlier "notice stage" of FLSA class certification. At this stage, the Court conducts a preliminary inquiry into whether there are other employees who (1) are "similarly situated" with regard to their job requirements and pay provisions and (2) wish to opt in to the pending suit. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Once the Court is satisfied that these two considerations are met, conditional certification is warranted.

Here, the Court does find that the putative class members wishing to opt in to the suit are sufficiently "similarly situated" to warrant conditional certification. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 5115005, at *8 (M.D. Ga. 12/4/08) (conditionally certifying action of H-2A workers where "Plaintiffs and proposed class members were employed under the same H-2A job orders, had the same pay provisions, had virtually identical job titles and tasks, and allegedly suffered the same FLSA violations"). While conditional certification is warranted in this case, the Court does not find that the circumstances are appropriate for court-facilitated notice. *See generally Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989) ("We hold that district courts have discretion, in appropriate

---

[3] "An action to recover the liability prescribed in [FLSA §§ 206 (governing minimum wage standards) and 207 (governing overtime standards)] may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

2

cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs.").

The FLSA's statute of limitations provides that all proceedings for unpaid wages must commence within two years after the cause of action accrues, unless a claim results from a willful violation of the FLSA, in which case the limitations period is increased to three years. 29 U.S.C. § 255(a). Plaintiffs seek to represent putative class members who were employed by Bland Farms between October 1, 2003 and December 31, 2006. Doc. # 132 at 13. Plaintiffs contend that the statute of limitations was tolled for all "similarly situated" H-2A laborers once the five named plaintiffs filed this suit. *Id.* This contention is simply incorrect. Under § 216(b) "only a written consent to opt-in will toll the statute of limitations of an opt-in plaintiff's cause of action." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).

Here, the latest claims of any potential FLSA class member arose during the first work week of Bland Farms' 2006 fall/winter season, which likely began sometime in early November. *See* doc. # 73-3 at 2 (stating that 2004 fall employment season began on November 1, 2004). The statute of limitations has already lapsed for both non-willful and willful violations that may have arisen during that time. The Court thus sees no benefit in providing notice to these putative class members when their claims will be barred by the FLSA's statute of limitations.[4]

Plaintiffs, however, may proceed to represent any class members who opt in to this case unless and until Defendants successfully move for decertification.

### B. Rule 23 Class Certification

Plaintiffs move for F.R.Civ.P. 23 class certification on their breach of contract claims. Doc. # 103. Plaintiffs, however, have procedurally defaulted on their class certification motion by failing to file such motion within ninety days of filing their complaint, as required by S.D.GA.LOC.R. 23.2.

#### 1. Local Rule 23.2

Federal Rule 23(c)(1) provides, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." F.R.Civ.P. 23(c)(1). The Southern District of Georgia has adopted Local Rule 23.2, which mandates that, "[w]ithin ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion and for good cause shown, the plaintiff shall move for certification of the class action under subdivision (c)(1) of Rule 23 of the Federal Rules of Civil Procedure." S.D.GA.LOC. R. 23.2. Plaintiffs filed their original complaint in this case on September 25, 2006, but did not file a motion to certify a class action until December 1, 2008, not once moving the Court for an extension of time. *See* doc. ## 1, 103.

While some circuits have held that failure to comply with a local rule's certification motion deadline is an insufficient basis for denying class certification, the Eleventh Circuit does not follow this approach. *See Seyboth v. General Motors Corp.*, 2008 WL 1994912 at *2 (M.D. Fla. 2008) ("The

---

[4] Compare the result here with that in *Ojeda-Sanchez v. Bland Farms, L.L.C.*, No. 608CV96 (S.D. Ga. filed 10/31/08), also pending before this Court. There, the plaintiffs sought conditional certification of a collective action for FLSA claims that arose during 2005-2008 planting seasons. While claims arising from the 2005 and 2006 seasons were barred by the FLSA's statute of limitations, *willful* violations of the FLSA during the 2007 season and any violation during the 2008 season were not. Thus, court-facilitated notice was deemed appropriate in that case.

3

Eleventh Circuit has expressly recognized the authority of the district courts to apply local rules prescribing a deadline for the filing of a motion for class certification, or to sanction plaintiffs for noncompliance.") (citing *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 (11th Cir. 2003)).

Local Rule 23.2 serves an important purpose since the Court must determine, at "an early practicable time," whether class certification is proper. F.R.Civ.P. 23(c)(1). The Court relies on the parties in a case to move the Court when action is required and the Court cannot simply brush aside violations of this, or any other, local rule. The Court thus concludes that denial of class certification would be an appropriate sanction for Plaintiffs' failure to comply with Local Rule 23.2, unless Plaintiffs are able to prove that their neglect is excusable pursuant to F.R.Civ.P. 6(b).

### 2. Federal Rule 6(b)

Rule 6(b) of the Federal Rules of Civil Procedure provides that when a motion for extension of time is made after a deadline has expired, the court may grant an extension "if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). It is well-established in the Eleventh Circuit that "attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997). Conversely, delays may be excused if they are attributable to miscommunication, clerical error, or other innocent oversight. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201-02 (11th Cir. 1999).

Plaintiffs claim that "the delay involved here resulted from a combination of unusual factors that disrupted the normal order of events in an action of this type." Doc. # 132 at 17. For example, they claim delay was caused by "continuing and serious settlement negotiations," which were followed by a motion to dismiss and delays in discovery. *Id.* at 17-19. However, none of these reasons would have prevented Plaintiffs' counsel from complying with Local Rule 23.2 by filing a motion for class certification, or at least moving the Court for an extension of time as allowed by that rule.

Plaintiffs' counsel additionally claims that the delay in filing the motion resulted from an "oversight" by his former office manager. *Id.* at 19. A delay of over two years in filing a certification motion cannot be simply passed off as an "innocent oversight." Accordingly, Plaintiffs' motion for Rule 23 class certification is denied.[5]

Finally, in an attempt to cure their failure to comply with Local Rule 23.2, Plaintiffs filed a duplicate lawsuit, timely moved for class certification, and requested that the two cases be consolidated. *See Sanchez-Cobarrubias v. Bland,* No. 609CV05 (S.D. Ga. filed 1/21/09). The Court denies Plaintiffs' motion to consolidate this case with *Sanchez-Cobarrubias.* Doc. # 144. Furthermore, the case of *Sanchez-Cobarrubias* shall remain stayed pending resolution of this litigation.

### IV. CONCLUSION

Plaintiffs' motion to certify an FLSA collective action is ***GRANTED IN PART*** and ***DENIED IN PART.*** Doc. # 103. The Court hereby conditionally certifies this case as a collective action for those class members who affirmatively opt in to this case or have done

---

[5] Plaintiffs also claim that Defendants have stipulated to the fact of excusable neglect, citing to the Rule 26(f) Report. Doc. # 91. The Court, however, does not view this as a binding stipulation by Defendants waiving their right to challenge Plaintiffs' failure to comply with a local rule that is not directly related to discovery.

4

so already. The Court, however, denies the request for court-facilitated notice.

Plaintiffs' motions for Rule 23 class certification, doc. # 103, and their motion to extend the time allowed to file their Rule 23 certification motion, doc. # 146, are *DENIED*.

The case of *Sanchez-Cobarrubias v. Bland,* Civil Action No. 6:09-cv-05, shall remain *STAYED* pending the resolution of this case.

This day of 16 November 2009

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA