IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| NICOLAS RAMOS-BARRIENTOS, ET. AL. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | CV606-89 |
| DELBERT C. BLAND, BLAND FARMS, LLC, ET.AL. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**BLAND DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENLARGE TIME TO FILE CIVIL MOTIONS**

COME NOW Delbert C. Bland and Bland Farms, LLC (collectively the "Bland Defendants"), and for their response in opposition to Plaintiffs' Motion to Enlarge Time to File Civil Motions respectfully show the following.

**Statement of Relevant Facts**

By way of the Court's Scheduling Order dated January 22, 2009 (Doc. 133), this Court extended the time within which parties could file civil motions to the date falling thirty days after the Court decided Plaintiff's then-pending Motion for Class and Collective Action Certification (Doc. 103). On November 17, 2009, this Court entered its order on Plaintiff's Motion for Certification (Doc. 209), thereby establishing the time deadline by which all civil motions should be filed as December 17, 2009. On December 11, 2009, Plaintiffs filed their motion to extend yet again the time for filing civil motions to January 17, 2009, stating their desire to file a cross motion for summary judgment. Plaintiffs cite two reasons as warranting this additional extension. First, the Thanksgiving holiday fell within the 30 day period following the entry of the

Court's November 17, 2009 Order of Plaintiffs' certification motion. Second, Plaintiffs' lead counsel was scheduled to be out of the country on a previously planned vacation from December 12 through December 17, 2009. For the reasons set forth below, Plaintiffs' Motion to Enlarge Time for Filing Civil Motions should be denied.

## Argument and Citation to Authority

### I. Plaintiffs Have Already Had Ample Time to File Their Cross Motion For Summary Judgment

By way of the Court's Amended Scheduling Order of January 22, 2009 (Doc. 133), the time for filing civil motions was extended by over ten months from February 15, 2009 to December 17, 2009. The motion Plaintiffs now wish to file is a cross motion for summary judgment, which Plaintiffs themselves describe as a "… cross motion for partial summary judgment on the plaintiffs' FLSA and contract wage claims based upon the Eleventh Circuit's decision in Arriaga v. Florida Pacific Farms, LLC, 305 F.3d 1228 (11th Cir. 2002)".(Doc. 210, pp. 6,7). Such a motion is one which seeks rulings as a matter of law on the merits of the claims and defenses asserted by the parties.

While the Court's Amended Scheduling Order of January 22, 2009 provided for an additional period of discovery solely on matters relating to certification, merits discovery in this case concluded on January 16, 2009. (Doc. 92, Doc 133). The only remaining item of merits discovery at that stage related to a dispute over the completion of the Rule 30(b)(6) deposition of Bland Farms, LLC, which dispute was resolved by the parties and the deposition thereafter concluded on May 1, 2009. Thus, with the exception of the conclusion of Bland Farms. LLC's Rule 30(b)(6) (itself completed on May 1, 2009), everything there was to be done in this case which might bear upon any Arriaga - based cross motion for summary judgment the Plaintiffs

wished to file had been completed by January 16, 2009. Therefore, Plaintiffs' Cross Motion for Summary Judgment is not one which could only be prepared and completed subsequent to the Court's entry of its Order on Plaintiffs' certification motion. Rather, Plaintiffs have had virtually the entire calendar year of 2009 to prepare and file such a motion.

> II.  **Plaintiffs' Lead Counsel Sought no Leave of Absence for His Vacation, and is Ably Assisted by Co-counsel Brian Spears**

In this case, Plaintiffs' lead counsel is ably assisted by co-counsel Brian Spears, who is experienced in cases such as this, and served as Plaintiffs' counsel in another FLSA class and collective action case in the Northern District of Georgia, De Leon-Granados v. Eller and Sons,Trees, Inc., 497 F.3d 1214 (11th Cir. 2007). (Plaintiffs' Motion for Certification, Doc. 104, p.16). Moreover, at no time did Plaintiff's lead counsel move and obtain leave of court for his personal vacation as required by Local Rule 83.9. Therefore, even if one indulges the notion that the thirty day period following the entry of the Court's Certification Order was the only time within which the Plaintiffs could prepare and file their cross motion for summary judgment, the circumstances cited by the Plaintiff do not warrant the extension Plaintiffs are seeking.

> III.  **With Diligence, Plaintiffs Could Have Easily Met the Deadline Provided by The Court's Amended Scheduling Order of January 22, 2009, and Therefore Plaintiffs' Motion Should be Denied.**

As demonstrated above, Plaintiffs have had ample time within which to prepare and file their cross motion for summary judgment. Under Rule 16(b)(4), Fed.R.Civ.P., the Court should only modify any time deadline specified in a scheduling order filed under Rule 16(b) for "good cause" and with the "judge's consent". Rule 16(b) (4), Fed.R.Civ.P. See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension." Id.

Plaintiffs have not even attempted to address how they could not, with diligence, have prepared and filed their cross motion for summary judgment despite the close of merits discovery on January 16, 2009, and the completion of Bland Farms, LLC's Rule 30(b)(6) deposition on May 1, 2009. Instead, Plaintiffs base their argument on an artificial time window of thirty days starting with the entry of the Court's Order on Certification on November 17, 2009. Yet, the preparation of an Arriaga-based cross motion for summary judgment on the merits of Plaintiffs claims would not at all be hindered or delayed pending the Court's adjudication of the Plaintiffs' certification motion. Indeed, given that any such motion would be due within thirty days following the certification order, diligence would have required the motion to be finished, or substantially finished, in advance of the entry of the Court's certification order.

For the foregoing reasons, Bland Defendants' respectfully request that the Court deny Plaintiffs' Motion to Enlarge Time for Filing Civil Motions.

Respectfully Submitted this 29th day of December, 2009.

                               BRENNAN AND WASDEN, LLP

                               /s/ William E. Dillard
                               WILEY A. WASDEN, III
                               State Bar No. 738750
                               WILLIAM E. DILLARD
                               Georgia Bar No. 222030
                               Attorneys for Bland Defendants

P.O. Box 8047
Savannah, Georgia 31412
(912) 232-6700

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day filed a copy of the foregoing RESPONSE TO PLAINTIFFS' MOTION TO ENLARGE TIME TO FILE CIVIL MOTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: rwillis@rjwillis-law.com and bspears@mindspring.com.

This 29th day of December, 2009.

                                          BRENNAN AND WASDEN, LLP

                                        /s/ William E. Dillard
                                        WILEY A. WASDEN, III
                                        Georgia Bar No. 738750
                                        WILLIAM E. DILLARD
                                        Georgia Bar No. 222030

                                        Attorneys for Bland Defendants

P.O. Box 8047
Savannah, Georgia  31412
(912) 232-6700