UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

NICOLAS RAMOS-BARRIENTOS, et al.,

Plaintiffs,

v.                          606CV089

DELBERT C. BLAND, et al.,

Defendants.

## ORDER

Before the Court is Plaintiffs' motion to equitably toll the Fair Labor Standards Act's ("FLSA") statute of limitations. Doc. # 205. Pursuant to the FLSA, all proceedings for unpaid wages must commence within two years after the cause of action accrues, unless a claim results from a willful violation of the FLSA, in which case the limitations period is three years. 29 U.S.C. § 255(a). Plaintiffs in this case seek to represent putative class members who were employed by Bland Farms between 10/1/03 and 12/31/06. Doc. # 103 (Plaintiffs' motion for conditional certification of collective action).[1] Absent equitable tolling, putative class members who had not opted into this action—or had not otherwise pursued their FLSA claims individually— were barred from asserting any FLSA claim as of 12/31/09.

To join an FLSA collective action, an employee must consent, or "opt in," to the action by filing a written consent to join. 29 U.S.C. § 216(b); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996). "[O]pt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action." *Grayson*, 79 F.3d at 1106. Therefore, an opt-in plaintiff "must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his [FLSA] claim." *Id.* at 1107. Once an individual opts into an FLSA collective action, the statute of limitations is tolled from the date the consent form was filed. *Id.* at 1108.

Plaintiffs, however, seek to equitably toll the FLSA's limitations period for *all* putative class members, regardless of whether they have opted in. "'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). The doctrine should be "applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); s*ee Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."). Equitable tolling is available and appropriate where the plaintiff untimely files his complaint because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993) (reasoning that equitable tolling may be appropriate where the defendant misleads the plaintiff into allowing the statute of limitations to lapse or where the plaintiff has no reasonable way of discovering the wrong perpetrated against him during the statutory period).

Plaintiffs contend that equitable tolling is appropriate for two reasons: (1) Bland Farms rejected Plaintiffs' request to provide contact information for all putative members of the collective action in May 2007, and (2) this Court delayed ruling on the plaintiffs' motion for collective action certification. Doc. # 206 at 5-7. The Court disagrees and addresses each contention in turn.

---

[1] The Court conditionally certified this case as a FLSA collective action on 11/17/09. Doc. # 209.

First, under 29 U.S.C. § 216(b), Bland Farms was only required to provide contact information for putative class members following conditional certification of the collective action. Conditional certification was granted by the Court on 11/17/09, doc. # 209, so Bland Farms had no obligation to provide contact information to Plaintiffs in 2007. Plaintiffs, nonetheless, argue that "hundreds of H-2A workers residing in Mexico bear no fault and likely have absolutely no knowledge whatsoever of their obligation to file a Consent to Sue under 29 U.S.C. § 216(b) with this Court if they want to participate in the FLSA claim alleged in this action." Doc. # 206 at 7. Be that as it may, this is not an inequitable circumstance created by Bland Farms. Bland Farms did nothing to mislead putative class members into allowing the FLSA's limitations period to lapse, so there is simply no reason for equitable tolling. *See Pendlebury v. Starbucks Coffee Co.*, 2008 WL 700174, at *4 (S.D. Fla. 2008) (no equitable tolling where "opt-in plaintiffs were not hindered due to fraud or misrepresentation from discovering that they might have a colorable claim for relief").

Second, the amount of time taken by the Court to rule on Plaintiffs' motion for conditional certification is likewise not a reason to toll the FLSA's statute of limitations. During that time, putative class members had two options for filing a timely claim: (1) opt into this collective action if they were aware of it, or (2) file an individual FLSA action. This Court did nothing to lull putative class members into inaction, so equitable tolling is not appropriate. *See In re Tyson Foods, Inc.*, 2008 WL 4613654, at *4 (M.D. Ga 2008); *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1243-44 (S.D. Ala. 2008) (no tolling "during the time period in which the motion for conditional class certification was pending").

For the foregoing reasons, Plaintiffs' motion for equitable tolling of the FLSA's statute of limitations is ***DENIED.*** Doc. # 205.

This day of 15 April 2010

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2