UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

NICOLAS RAMOS-BARRIENTOS, et al.,

Plaintiffs,

v.  606CV089

DELBERT C. BLAND, et al.,

Defendants.

## ORDER

Before the Court is Plaintiffs' motion to reconsider the Court's 3/12/10 Order, doc. # 229, which, *inter alia*, granted in part Defendants' motion for summary judgment. Doc. # 230. "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999), *cited in Gibson v. Ford Motor Co.*, 2007 WL 640030 at *1 (N.D. Ga. 2/26/07) (unpublished). Otherwise, a reconsideration motion "is not an opportunity for the moving party to instruct the court on how the court could have done it better the first time." *Id.* (quotes, cite, and alteration omitted). Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King Corp. v. Hinton, Inc.*, 2002 WL 31059465 at *1 (S.D. Fla. 7/19/02) (unpublished). It is only appropriate where the "[c]ourt has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quotes and cites omitted); *Stewart v. Hooters of America, Inc.*, 2008 WL 4534030 at *2 (M.D. Fla. 10/6/08) (unpublished).

In their motion for reconsideration, Plaintiffs argue that the Court ignored their "evidence and argument that Bland Defendants are liable under the FLSA for the knowledge acquired by ILMC and its authorized agents in Mexico because ILMC and those agents were acting within the scope of their employment by the Bland defendants as their *actual agents*." Doc. # 230 at 1 (emphasis added). Plaintiffs thus contend that the Court erred by not addressing the issue of whether International Labor Management Corporation ("ILMC"), Manpower of the Americas ("MOA"), and Consular Services International ("CSI") had actual authority from Bland Farms to collect recruiting and processing fees from H-2A workers in Mexico. "[A]ctual authority can only be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him to act on the principal's account." *Cont'l Cas. Co. v. Holmes*, 266 F.2d 269, 278 (5th Cir. 1959)[1] (internal quotations omitted); *see* RESTATEMENT (THIRD) OF AGENCY § 3.01 ("Actual authority ... is created by a principal's manifestation to an agent that, as reasonably understood by the agent, expresses the principal's assent that the agent take action on the principal's behalf"). An agent thus acts "with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." RESTATEMENT (THIRD) OF AGENCY § 2.01.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

Although the Court admittedly did not expressly conclude that ILMC, MOA, and CSI lacked actual authority from Bland Farms to collect recruiting and processing fees, the 3/12/10 Order still noted that Bland Farms never assented to such action. See e.g., doc. # 229 at 12 ("[T]here is no evidence that Defendants authorized ILMC, MOA, or CSI to collect processing and recruiting fees."), 13 ("Because authority was never delegated, there was no authority to abuse."). Plaintiffs have not otherwise presented evidence that Bland Farms authorized the collection of fees from H-2A workers, so the Court finds that ILMC, MOA, and CSI lacked actual authority from Bland Farms to do so.

Finally, Plaintiffs suggest that ILMC, as Bland Farms' agent, knew that MOA and CSI were collecting recruiting and processing fees, and that knowledge is imputed to Bland Farms under common law principles of agency. Doc. ## 230 at 1-3, 237 at 3-7; see Am. Standard Credit, Inc. v. Nat'l Cement Co., 643 F.2d 248 (5th Cir. 1981). In American Standard Credit, the court addressed the question of whether knowledge acquired by a corporation's agent is imputed to the corporation to determine whether the corporation was a "buyer in the ordinary course" under the Uniform Commercial Code. 643 F.2d at 270-71. The Court held that "[t]he only way to communicate actual notice to a corporation is through its agents. Thus, a corporation is held responsible for the knowledge acquired by its agents while acting within the scope of their employment." Id. at 270 (quoting Birmingham Boys' Club, Inc. v. Transamerica Ins. Co., 325 So. 2d 167, 169 (Ala. 1976)).

The rule described in American Standard Credit is inapplicable here for two reasons. First, as noted earlier, ILMC, MOA, and CSI were not authorized by Bland Farms to collect recruiting and processing fees, so they were not acting within the scope of their employment when they did collect those fees. Second, Plaintiffs presented no evidence that ILMC learned of the collection of fees while serving as Bland Farms' recruiting agent.[2] Merely because ILMC knew that MOA and CSI would collect such fees did not provide them with actual authority to do so. Again, actual authority requires the principal's manifestation of assent for the agent to take action on the principal's behalf. ILMC's failure to object to the collection of fees did not constitute assent by Bland Farms to those practices.

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED.** Doc. # 230. Plaintiffs' request to "suspend any final consideration of the matters raised by the motion for summary judgment by the Bland Defendants" is likewise denied. Bland Farms' motion for summary judgment has been addressed, and the Court will not relitigate any issue that has already been resolved. Plaintiffs are reminded to limit any remaining discovery to issues still pending before the Court.

This day of 19 April 2010

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] In fact, it appears that ILMC's knowledge of the recruiting and processing fees existed well before its relationship with Bland Farms. See doc. # 228-1 (affidavit of Lee Wicker) ("In negotiating contracts for ILMC ... it was my standard practice to explain in full detail what the fee to ILMC covered and the separate fee structure of MOA/CSI to clients or potential clients."). That knowledge, therefore, was not communicated to or acquired by ILMC during its relationship with Bland Farms, as required by American Standard Credit.